| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

ANDREAU GERALD WILSON,

    Plaintiff,

v.

MEMBERS OF SAN QUENTIN STATE PRISON EAST BLOCK CONDEMNED ROW 2 BUILDING & MAIL ROOM MEMBERS,

    Defendants.

Case No. 19-cv-00919-RS (PR)

**ORDER OF DISMISSAL**

# INTRODUCTION

Plaintiff fails to state any claim for relief in either of his 42 U.S.C. § 1983 complaints. Accordingly, this federal civil rights suit is DISMISSED.

# DISCUSSION

**A.**   **Standard of Review**

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Legal Claims**

**1. Original Complaint**

In the original complaint plaintiff alleged that "[t]he members of San Quentin State Prison are obstructing communication between family, friends, pen-pals, associates and legal representatives." (Compl., Dkt. No. 14 at 4.) The complaint was dismissed (with leave to amend) because these allegations failed to state a claim for relief. Plaintiff failed to allege specific incidents of mail interference and the specific persons responsible.

**2. First Amended Complaint**

The first amended complaint is not an improvement. Again, plaintiff fails to provide any facts that would state a claim for relief. His statements are conclusory and he fails to link any specific defendant with any wrongful act.

The complaint also goes on at length about many irrelevant matters, e.g., judicial proceedings in Long Beach, California; a request for help in contacting his children and their mothers; a request that defendants "make a plea in open court"; a request for the arrest of "all members of San Quentin State Prison"; and a declaration that he is now the owner of San Quentin State Prison and asks that "these people be removed from my land immediately." (First Am. Compl., Dkt. No. 18 at 3, 4, and 5.) Because plaintiff fails to state any claim for relief, this action will be dismissed.

## CONCLUSION

This federal civil rights suit is DISMISSED without prejudice. If plaintiff believes he can state a claim for relief, he may file an amended complaint. So far he has not been able to do so, even after filing two complaints. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 7, 2019

_____
RICHARD SEEBORG
United States District Judge